# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50921
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME ENRIGUEZ-HERNANDEZ, also known as Jaime Enriques-Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-1391-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jaime Enriguez-Hernandez appeals the 60-month, within-guidelines sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. He argues that his sentence is unconstitutional because it exceeds the two-year statutory maximum sentence of § 1326(a). He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50921

523 U.S. 224 (1998), and that this court remains bound by *Almendarez-Torres*, but wishes to preserve the issue for further review due to what he perceives as indications by the Supreme Court that it may reconsider that decision. The Government has filed an unopposed motion for summary affirmance, arguing that the issue is foreclosed under *Almendarez-Torres*. Alternatively, the Government requests an extension of time to file its brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). In *Almendarez-Torres*, 523 U.S. at 226-28, 235, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. We have held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Enriguez-Hernandez's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as moot, and the judgment of the district court is AFFIRMED.